UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Richard Coleman

   v.                                                     Civil No. 12-cv-109-PB

Town of Lee et al.[1]


**REPORT AND RECOMMENDATION**

Richard Coleman has filed a complaint (doc. no. 1) pursuant to 42 U.S.C. § 1983, complaining that the employees of the Town of Lee, New Hampshire, particularly members of the Lee Police Department ("LPD"), have violated his constitutional rights. The complaint, filed in forma pauperis, is before the court for preliminary review to determine whether it states any claim upon which relief might be granted. See 28 U.S.C. § 1915(e); United States District Court District of New Hampshire Local Rule 4.3(d)(1)(B).

**Standard for Preliminary Review**

Pursuant to LR 4.3(d)(1)(B) and 28 U.S.C. § 1915(e)(2), the magistrate judge conducts a preliminary review of pro se in

---

[1] Defendants named in the complaint are the Town of Lee; the Lee Police Department ("LPD"); the Lee Board of Selectmen; the Lee selectmen individually; LPD Chief Chester Murch; and LPD Officer Dronsfield, whose first name is unknown ("FNU").

forma pauperis complaints before defendants have an opportunity to respond to the claims. The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B).

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010). To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

**Discussion**

I.   <u>Double Jeopardy</u>

In the summer of 2011, Coleman was pulled over by an LPD officer because he was driving an unregistered vehicle to which he had attached license plates. Coleman was charged with "misuse of plates." The next day, Coleman registered the vehicle, and then went to the LPD station to see if he could have the misuse of plates charge reconsidered. An LPD sergeant agreed not to bring the charge against him. The following day, however, an LPD officer came to Coleman's home and re-arrested him on the same misuse of plates charge, stating that LPD Chief Chester Murch wanted Coleman to be charged.

Coleman alleges that the re-arrest for misuse of plates violated his Fifth Amendment double jeopardy right not to be prosecuted more than once for the same offense. <u>See</u> <u>Blueford v. Arkansas</u>, 132 S. Ct. 2044, 2050 (2012). For double jeopardy purposes, an individual is not deemed to have been placed in jeopardy in a first prosecution, however, until a jury is sworn at his trial. <u>See</u> <u>United States v. Tobin</u>, 552 F.3d 29, 32 (1st Cir. 2009). Accordingly, Coleman's first arrest, without more, did not place him in jeopardy, and his re-arrest, therefore, did not violate his double jeopardy rights. Coleman's double jeopardy claim should be dismissed.

II. <u>Fourth Amendment</u>

Coleman asserts that members of the LPD violated his Fourth Amendment rights on several occasions. The Fourth Amendment protects an individual's right not to have his person or property subjected to an unreasonable search or seizure. <u>See</u> <u>United States v. Camacho</u>, 661 F.3d 718, 724 (1st Cir. 2011) (citing <u>Terry v. Ohio</u>, 392 U.S. 1, 9 (1968)).

    A. <u>Bluelighting</u>

Coleman alleges that during the four days after his misuse of plates arrest, LPD officers, at the direction of Murch, "blue-lighted" Coleman without probable cause. Coleman does not state the frequency or nature of the "blue-lighting," or even what he means by "blue-lighting" in this context. Coleman has therefore failed to assert sufficient facts to allow the court to infer that the alleged "blue-lighting" violated his constitutional rights.

    B. <u>Indecent Exposure Arrest</u>

Coleman states that someone reported to the LPD that Coleman was exposing himself in the courtyard of his apartment

building.[2] Officer Dronsfield responded to the building to investigate, and failed to find any evidence that Coleman had exposed himself. Three days later, Coleman was arrested for indecent exposure. Coleman claims that Dronsfield had Coleman arrested, knowing the charges to be false.

The Fourth Amendment protects individuals from being arrested based on a police officer's false statements, see United States v. Gonzalez, 609 F.3d 13, 20 (1st Cir.), cert. denied, 131 S. Ct. 546 (2010). Moreover, an arrest unsupported by probable cause violates the Fourth Amendment. See Schubert v. City of Springfield, 589 F.3d 496, 501 (1st Cir. 2009).

Coleman's bald assertion that Dronsfield knew that Coleman was innocent when he had him arrested lacks any factual support. Coleman does not state that Dronsfield was aware of any of the facts that Coleman claims would demonstrate his innocence. In short, nothing in Coleman's complaint demonstrates that Dronsfield lacked probable cause to effect Coleman's arrest or knowingly obtained his arrest using false statements. Coleman has thus failed to demonstrate that his indecent exposure arrest violated the Fourth Amendment. Coleman's Fourth Amendment claim against Dronsfield should therefore be dismissed.

---

[2]Coleman states that he presumes the reporter was a female neighbor who was the only other person home at that time.

C.  Wallet

When Coleman was arrested for indecent exposure, he states that his wallet was seized from him pursuant to LPD policy. Police may conduct an inventory search of a person's belongings at the time of arrest without offending the Fourth Amendment if the search is conducted pursuant to a standardized procedure. See Florida v. Wells, 495 U.S. 1, 4 (1990); United States v. St. Pierre, 488 F.3d 76, 80 (1st Cir. 2007).  Accordingly, the search of Coleman's wallet was not unconstitutional, and the claim should be dismissed.

III. Harassment

Coleman alleges that Murch verbally harassed him, in violation of his Fourteenth Amendment substantive due process rights.  Absent allegations of behavior "that is '[] brutal and [] offensive to human dignity," a plaintiff cannot state a constitutional claim for verbal harassment.  See Kennedy v. Town of Billerica, 617 F.3d 520, 540 & n. 19 (1st Cir. 2010) (citation omitted).

Coleman, who operates a used car business, sold a car to someone with whom he later had a dispute concerning the transfer of title.  Coleman alleges that Murch called Coleman, pretending to be a police officer in another town, and threatening to

report Coleman to the New Hampshire Department of Motor Vehicles ("DMV") for selling too many cars if he did not transfer title to the individual with whom he had a dispute. These allegations fall far short of alleging the sort of severe harassment that could give rise to a substantive due process claim. Therefore, the harassment claim should be dismissed.

IV. Right to Prosecution

Coleman alleges that from August 2011 through November 2011, he was involved in a dispute with James Dow, a customer who had given him a bad check for a car. Coleman obtained a court order allowing him to repossess the car, which he did, but the customer "restole" the car. Coleman reported the problem to the LPD who refused to help on the basis that Coleman's issues with his customer constituted a civil, not criminal, dispute.

In complaining that the LPD defendants failed to assist him in retrieving the car from Dow, Coleman has not asserted the violation of any constitutional right. There is no cause of action under § 1983 for the failure to prosecute a crime, as there is no federal constitutional right to have criminal wrongdoers brought to justice. See Leeke v. Timmerman, 454 U.S. 83, 87 (1981); Nieves-Ramos v. Gonzalez-De-Rodriguez, 737 F. Supp. 727, 728 (D.P.R. 1990) (citing Linda R. S. v. Richard D.,

410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")). Coleman cannot, therefore, state a claim for a failure to prosecute, and that claim should be dismissed.

V.  Suspended Registration Charge

   A.  Perjured Testimony

Coleman alleges that in or around October 2011, Murch stopped his car and charged him with driving with a suspended registration. Coleman was convicted of the charge after trial. Coleman alleges that Murch, in furtherance of a personal vendetta against Coleman, perjured himself at trial.

Police witnesses are entitled to absolute immunity for damages liability for testimony they give in court, even if the testimony is false. See Rehberg v. Paulk, 132 S. Ct. 1497, 1503 (2012) (citing Briscoe v. LaHue, 460 U.S. 325, 341 (1983) (all witnesses absolutely immune from suit under § 1983, including those who give perjured testimony)). Murch is thus immune from this suit, and the claim based on Murch's allegedly perjured testimony should be dismissed.

   B.  Malicious Prosecution

Coleman also claims that, in charging him for a suspended registration, Murch engaged in a malicious prosecution, taken to

further Murch's alleged personal vendetta against him.  To assert a claim for malicious prosecution under New Hampshire Law,[3] a plaintiff is required to show that he was subjected to a criminal prosecution instituted by a defendant without probable cause and with malice, and that the prosecution terminated in plaintiff's favor.  See Forgie-Buccioni v. Hannaford Bros., Inc., 413 F.3d 175, 182 (1st Cir. 2005).

Here, Coleman has conceded that he was convicted, and has thus failed to allege that the suspended registration prosecution terminated in his favor.  Coleman, therefore, cannot assert a malicious prosecution claim, and that claim should be dismissed.

## VI.  Municipal Liability

The complaint names as defendants the Town of Lee, the Lee Board of Selectmen, and each Selectman individually (collectively, the "Town defendants").  The complaint does not include any allegations demonstrating that any Town defendant is liable for the alleged unreasonable "bluelighting" of Coleman, the sole claim in the complaint that this court has authorized

---

[3] The First Circuit has expressed doubt regarding whether a malicious prosecution claim is ever actionable under § 1983. See, e.g., Moreno-Medina v. Toledo, 458 F. App'x 4, 7 (1st Cir. 2012).  This court need not resolve that issue in this case, as the claim is otherwise subject to dismissal.

9

to proceed at this time.  See Maldonado v. Fontanes, 568 F.3d 263, 275 (1st Cir. 2009) (supervisory liability under section 1983 lies only where "supervisor's conduct led inexorably to the constitutional violation"); Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 25 (1st Cir. 2005) (municipality can be liable in § 1983 action only when the government employees' execution of government policy or custom inflicts the injury and is moving force behind constitutional violation).  Coleman's complaint states no facts to demonstrate either that any conduct of the Town defendants "led inexorably" to, or that any municipal policy resulted in any violation of Coleman's rights.  Accordingly, any claim of supervisory or municipal liability in this case should be dismissed, including all claims asserted against the Town of Lee and the selectmen.

## Conclusion

For the foregoing reasons, the court recommends that the complaint be dismissed in its entirety as it fails to state any claim upon which relief might be granted.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States

v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

September 10, 2012

cc: Richard Coleman, pro se

LBM:jba